FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUZANNE BROWN, | No.  20-15331 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00260-MCE-KJN |
| v. | |
| WELLS FARGO BANK, N.A., FKA Wachovia Mortgage, FSB, FKA World Savings Bank, FSB, successor by merger with Wells Fargo Bank Southwest, N.A., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted April 20, 2021**

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Suzanne Brown appeals pro se from the district court's judgment dismissing

her diversity action arising out of foreclosure proceedings.  We have jurisdiction

under 28 U.S.C. § 1291.  We review for an abuse of discretion the denial of leave

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to amend. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). We affirm.

The district court did not abuse its discretion by denying leave to amend Brown's first amended complaint to allege a California Homeowner Bill of Rights ("HOBR") claim based on her proposed allegations that defendant was required to provide her with a loan modification. *See* Cal. Civ. Code § 2923.4 (explaining that "the purpose of [HOBR] . . . is to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options," but that nothing in HOBR "require[s] a particular result of that process"); *Mabry v. Superior Ct.*, 110 Cal. Rptr. 3d 201, 211 (Ct. App. 2010) ("Section 2923.6 merely expresses the *hope* that lenders will offer loan modifications on certain terms." (emphasis is original)); *see also Cervantes,* 656 F.3d at 1041 (leave to amend may be denied where amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendant's request for judicial notice is denied as unnecessary.

**AFFIRMED.**

20-15331